FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

AO 91 (Rev. 08/09)  Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
State and District of New Mexico

JUN 20 2016

MATTHEW J. DYKMAN
CLERK

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No. MJ 16·2727 |
| David Krowner | ) | |
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |
| Defendant(s) | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ June 17, 2016 _____ in the county of _____ Bernalillo _____ in the

_____ State and _____ District of _____ New Mexico _____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 21, United States Code, Section 841(a) (1) and (b) (1) (A). | Possession with Intent to Distribute; 500 grams or more of a mixture and substance containing a detectable amount of Methamphetamine and Possession with Intent to Distribute; 1 kilogram or more of Heroin. |
| Title 18 United States Code, Section 924 (c)(1)(A). | Possession of a firearm in relation to and in furtherance of a drug trafficking crime. |

This criminal complaint is based on these facts:

See attached Affidavit.

☑ Continued on the attached sheet.

_____
Complainant's signature

Jody Harrison, HSI Special Agent
Printed name and title

Sworn to before me and signed in my presence.

Date: _____ June 19, 2016 _____

_____
Judge's signature

City and state: _____ Albuquerque, New Mexico _____

Karen B. Molzen, Chief U.S. Magistrate Judge
Printed name and title

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

*United States of America*

v.

David Krowner

## AFFIDAVIT

I, Jody L. Harrison, being duly sworn, hereby depose and state the following:

## INTRODUCTION AND AGENT BACKROUND

1.  Your Affiant is a Special Agent (SA) with the Department of Homeland Security, U.S. Immigration & Customs Enforcement (ICE), Homeland Security Investigations (HSI), and has been employed by HSI as such since February, 2012.  I am an investigative law enforcement officer of the United States, and I am empowered by law to conduct investigations and make arrests for felony offenses.  I have been a federal law enforcement officer for over nine years in total with Homeland Security Investigations and the United States Border Patrol.

2.  I have received extensive training and practical experience pertaining to federal criminal procedures, federal criminal statutes, United States Immigration and Nationality law, United States Customs laws and regulations, and other federal and state laws pertaining but not limited to; the importation and distribution of controlled substances pursuant to, bulk cash smuggling, money laundering, asset forfeiture, firearms, and conspiracy.  I am authorized, and presently assigned to investigate violations of the Comprehensive Drug Abuse and Prevention and Control Act of 1970, Title 21, United States Code, Section 801, et seq, Title 18 United States Code, Section 922 and other violations of federal law.  I have attended the Criminal Investigator Training Program (CITP), and the Immigration and Customs Enforcement Special Agent Training Program (ICE-SAT) at the Federal Law Enforcement Training Center (FLETC) in Brunswick, Georgia.

3.  I have also acquired knowledge and information about such offenses, and the various means and methods by which they are furthered from numerous sources, including formal and informal training from other law enforcement officers, investigators, and Special Agents; interviews of informants and arrestees, and interviews of other knowledgeable individuals.

4.  The statements contained in this affidavit are based upon your Affiant's investigation, training, experience, and information provided by other law enforcement officers. Because this affidavit is being submitted for the limited purpose of securing a criminal

complaint, your Affiant has not included each and every fact known to me concerning this investigation. Your Affiant has set forth only the facts that I believe are necessary to establish probable cause to support a criminal complaint against David Krowner for violations of Title 21, United States Code, § 841 (a)(1) Possession with Intent to Distribute, Methamphetamine and Heroin, and Title 18, United States Code, §924 (c), Possession of a Firearm in Relation to a Drug Trafficking Crime.

## RELEVANT STATUTES

5.  This investigation concerns alleged violations of 21 U.S.C. § 841 (a) (1) and (b) (1) (A), and Title 18, United States Code, §924 (c)(1)(A).

6.  21 U.S.C. § 841 (a) (1) prohibits any person knowingly or intentionally to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance, to wit; 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, and 1 kilogram or more of heroin.

7.  18 U.S.C. §924 (c)(1)(A) prohibits a person from possessing a firearm in relation to and in furtherance of a drug trafficking crime.

## DETAILS OF INVESTIGATION

8.  On or about June 1, 2016, Albuquerque Police Department (APD) Detectives assigned to HSI as Border Enforcement and Security Taskforce Officers (TFO) and HSI Special Agents began an investigation into the drug trafficking activities of David KROWNER. Investigative agents received information from a source of information (SOI) that KROWNER was transporting large amounts of illegal drugs into the Albuquerque, New Mexico area.

9.  On June 17, 2016, the SOI reported that KROWNER was in the Albuquerque, New Mexico area. The SOI also reported that KROWNER had large amounts of illegal drugs and weapons in his vehicle. Investigative agents located the suspected vehicle at an apartment complex located at 6800 Vista Del Norte Rd. NE, Albuquerque, NM.

10. Agents set up a surveillance perimeter around the vehicle that KROWNER was reported to be driving. KROWNER was then observed exiting building 13 of the apartment complex. KROWNER was positively identified by a surveillance unit. Agents followed KROWNER to the area of the 3200 block of Madeira Drive NE. An APD marked unit initiated the unit's emergency lights and KROWNER pulled over to the side of the street. Agents then blocked KROWNER's vehicle and took him into custody. KROWNER was read his Miranda rights by APD Detective D. Irwin. KROWNER told Detective Irwin that he wanted to wait until he was in an office to give a statement.

11. A K-9 trained in the detection of the odor of illegal drugs was deployed to the exterior of KROWNER's vehicle. The K-9 gave a positive indication of the presence of the odor of illegal drugs at the rear trunk area of the car. Agents opened the trunk of the vehicle and

discovered a large plastic bin.  The bin was filled with what appeared to be bundles of illegal drugs.  A pistol-grip, short-barreled 12 gauge shotgun was lying on top of the bundles of illegal drugs.  A .45 caliber handgun and a .40 caliber handgun were next to the shotgun.  All three of the firearms were loaded, however, the .40 caliber handgun was the only firearm that had a round chambered.  The plastic bin was photographed in place and then removed for safe transportation to the HSI office.

12. At the HSI office the contents of the plastic bin were processed as evidence.  The suspected illegal drugs were field tested and weighed.  The bin was found to contain 20.7 kilograms of methamphetamine which field tested positive, 1.8 kilograms of heroin which field tested positive, two bags of unidentified pills, seven packages of suspected anabolic steroids, two handguns, one shotgun, 15 rounds of 12 gauge ammunition, 169 rounds of .45 caliber ammunition, 216 rounds of .40 caliber ammunition, 60 rounds of 7.62 mm ammunition, 2 extended capacity magazines, 3 normal capacity magazines, and three 7.62 mm magazines.  Also inside the trunk, agents found 5 serialized lower receivers for the AR-15 assault rifle and approximately $21, 750.00 dollars in U.S. currency.  An additional $4,500.00 dollars in U.S. currency was found in the left front pocket of KROWNER's pants.  The .45 caliber handgun's slide was engraved with the letters "FWC" and also a Fish and Wildlife Conservation Commission law enforcement badge.  This handgun was reported stolen to APD.

13. I interviewed KROWNER with two HSI TFOs.  I informed KROWNER that his Miranda rights were read to him earlier and asked if he is aware that he still has those rights.  KROWNER acknowledge that he was aware of his rights.  KROWNER then admitted that he had a felony record.  I asked KROWNER if he understood that with a felony record he could not be in possession of a firearm.  KROWNER acknowledge that he understood this, but someone just gave him the guns today as collateral along with whatever the pills are.  He stated that the twenty thousand, the pills and all that was as collateral.  When asked collateral for what, KROWNER stated "what you busted me for."  KROWNER then stated "the glass."  I asked KROWNER if he was referring to the methamphetamine and he replied, "yes."  I asked KROWNER if he knew how much methamphetamine was in there and he replied, "I don't even know."  The interview ended shortly after this.

## CONCLUSION

Based on the aforementioned facts, there is probable cause that on or about June 17, 2016, in the District of New Mexico, David Krowner did violate 21 U.S.C. § 841 (a) (1) and (b) (1) (A), which prohibits any person knowingly or intentionally to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance, to wit; 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, and 1 kilogram or more of heroin;

And, 18 U.S.C. §924 (c)(1)(A) which prohibits a person from possessing a firearm in relation to and in furtherance of a drug trafficking crime.

Jody L. Harrison
Special Agent
Homeland Security Investigations

Subscribed and sworn to before me
this 19th day of June, 2016.

The Honorable Karen B. Molzen
Chief United States Magistrate Judge

4